# AUFIERO v. EWING.

PATENTS; MANDAMUS; INTERFERENCE; DISCRETION; JUDGMENTS.

1. This court has no general supervisory power over the Commissioner of Patents, but merely the power to review his final decisions.

2. Where the Commissioner of Patents rules in an interference proceeding that the issue is not patentable to one of the parties because he has shown no invention over the disclosure of prior patents granted to him, and accordingly dissolves the interference, but refuses to award priority of invention to the other party, the question involved is one calling for the exercise of judgment and discretion by the Commissioner, and his action cannot be reviewed or controlled by mandamus. (Following *United States ex rel. Trussed Concrete Steel Co.* v. *Ewing,* 42 App. D. C. 179.)

3. To determine what the decision of the Commissioner of Patents is from which an appeal is prosecuted, this court will look to its substance, its necessary legal effect and operation, rather than to its mere form. (Following *Moore* v. *Heany,* 34 App. D. C. 31; *Cosper* v. *Gold,* 36 App. D. C. 302; *Re Selden,* 36 App. D. C. 428; *Mann* v. *Brown,* 43 App. D. C. 457.)

No. 2846.    Submitted December 8, 1915.    Decided January 3, 1916.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing a bill of complaint against the Commissioner of Patents to enjoin him from issuing a patent to a third person.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District dismissing appellant's bill for a temporary restraining order and an injunction *pendente lite* against the issuance, by

Thomas Ewing, the Commissioner of Patents, of a patent to one Hutchinson, with whom appellant, Emanuel Aufiero, has been in interference in the Patent Office, and a mandatory injunction directing the Commissioner to enter a final award of priority in said interference proceeding.

The facts are clearly and succinctly stated by the learned trial justice as follows: "Hutchinson filed his application on October 26, 1909, for an improvement in diaphragm horns. The plaintiff obtained a patent on April 4, 1911, and another patent on April 25, 1911. On August 24, 1911, he filed an application, and on May 11, 1912, another application, claiming to be a division of the former. In the original application by Aufiero the Patent Office suggested to him two claims at that time appearing in the Hutchinson application in interference, the first of which claims afterwards became the issue of interference No. 34,824, and the second of which claims became issue of companion interference No. 34,823. Such proceedings were had in No. 34,824 that the same came before the defendant in person upon an appeal by the plaintiff from an adverse decision by lower tribunals of the Patent Office denying a motion by the plaintiff to add certain claims to the issue of the interference, and thereupon the defendant affirmed the action of the lower tribunal, and in addition to such affirmance adjudicated the issue in the interference to be not patentable to the plaintiff over the latter's prior patents because no invention was shown over the disclosures of those patents, and the Commissioner directed a dissolution of the interference on that ground. The Commissioner did not award priority to Hutchinson, nor did he decide that the plaintiff had no right to make the claims. He held that Hutchinson showed invention, thereby overruling the decision of the Examiners in Chief.

"The preliminary statement of the plaintiff filed under the declaration of the interference shows earlier dates than does Hutchinson's statement.

"The plaintiff requested the Commissioner to withdraw his order of dissolution, and to direct the fixing of a time for taking testimony and for final hearing before the Examiner of Inter-

ferences on the question of priority in fact, and, in the event that this should not be done, then to extend or change the form of the order of dissolution so as to make it in form a final adjudication of priority. These requests were denied."

*Messrs. Mauro, Cameron, Lewis, & Massie, Mr. Reeve Lewis,* and *Mr. G. Thomas Dunlop* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Upon the dissolution of the temporary restraining order by the trial court, a patent was regularly issued to Hutchinson, so that the sole question here is whether appellant is entitled to an order requiring the Commissioner to enter a formal award of priority in favor of Hutchinson in said interference proceeding. In the first place, it must be borne in mind that Congress has constituted the Patent Office a special tribunal, with judicial functions, for the administration of the patent laws. The court has no general supervisory power over the head of that Office. If he errs in his final decisions, his errors may be corrected upon appeal to this court. But that is quite a different matter from attempting, by mandamus, to control his judgment and discretion. *United States ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 47 L. ed. 1074, 23 Sup. Ct. Rep. 698. In the present case, it was the deliberate judgment of the Commissioner that his ruling that the issue in the interference was not patentable to the appellant because he had shown no invention over the disclosures of his prior patents did not amount to an award of priority to Hutchinson, the other party to the interference. Being of that view, the Commissioner very naturally declined to enter a decision awarding priority to Hutchinson. The question was one calling for judgment and discretion, and the decision reached was a possible one, at least, and hence may not be controlled by mandamus. *United States ex rel. Trussed Concrete Steel Co.* v. *Ewing,* 42 App. D. C. 179; *United States*

*ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356.

We do not wish to be understood as holding that the appellant was without redress, for, having requested the Commissioner to enter a final award of priority, he had done all he could, and had that been the necessary effect of the Commissioner's decision the court would have taken jurisdiction of the case on appeal, since "to determine what the decision is from which an appeal is prosecuted, the court will look to its substance, its necessary legal effect and operation, rather than to its mere form." *Cosper* v. *Gold,* 36 App. D. C. 302; *Moore* v. *Heany,* 34 App. D. C. 31; *Re Selden,* 36 App. D. C. 428; *Mann* v. *Brown,* 43 App. D. C. 457, 460.

The decree must be affirmed, with costs. *Affirmed.*